UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JULIE ANN HALLAN, <br><br> Plaintiff, <br><br> vs. <br><br> HY-VEE INC., an Iowa Corporation <br><br> Defendant. | 4:19-CV-04054-KES <br><br> ORDER PERMITTING INSPECTION AND GRANTING MOTION TO PRESERVE EVIDENCE |

Plaintiff's, Julie Hallan, motion to preserve evidence came on for telephonic hearing on April 30, 2019. Plaintiff appeared by and through her attorney of record, Michael F. Marlow. Defendant, Hy-Vee, Inc., appeared by and through its attorney of record, Elizabeth Hertz. Based upon the record and arguments, the Court makes the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. Plaintiff's counsel sent a letter to defendant and its agent, EMC, on January 7, 2019, requesting defendant preserve video evidence from five days before and five days following plaintiff's fall at the Hy-Vee store in Brookings, South Dakota.

2. The video from five days before plaintiff's fall would show potential witnesses, other falls, and maintenance performed on the doors.

3. Plaintiff's January 7th letter gave defendant specific notice to preserve video evidence.

4. Defendant did not preserve the video evidence plaintiff requested in the January 7th letter.

1

5. Plaintiff's preservation request for video from five days before her fall was not unduly burdensome to defendant.

6. Defendant claimed the video evidence no longer exists, but, according to plaintiff's computer expert, the data may still be available and recoverable.

## CONCLUSIONS OF LAW

1. The District Court "has very wide discretion in handling pretrial discovery" matters. and "the Court's discretion in managing pretrial discovery also includes determining whether it is appropriate to order the preservation of evidence[.]" *United States ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014); *City of Wyoming v. Procter & Gamble Co.*, 2016 WL 6908110, at *2 (D.Minn. Oct. 7, 2016); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

2. The Court balances three factors to determine whether to grant a preservation order:

> 1. The level of concern for the maintenance and integrity of the evidence in the absence of a preservation order;
> 2. Any irreparable harm likely to result to the party seeking such order; and
> 3. The capability of the party to maintain the evidence sought to be preserved.

*Ingersoll v. Farmland Foods, Inc.*, 2013 WL 461918, at *2 (W.D. Mo. Feb. 6, 2013) (citing *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981)).

3. The video from five days before the fall is relevant to this case.

4. Plaintiff's request that Defendant Hy-Vee preserve from five days before the fall was proportional to the needs of this case.

5. The video from five days after the fall was not relevant to this case.

6. Defendant "knew or should have known" that the video from five days before the fall "would become material at some point in the future." *Lewy v. Remington Arms Co.*, 836 F.2d 1104, 1112 (8th Cir. 1988).

7. Plaintiff's preservation request for video from five days before the fall gave defendant "notice" the video was "reasonably likely to be the subject of a discovery request . . . ." *Best Buy Stores, L.P. v. Developers Diversified Realty Corp.*, 247 F.R.D. 567, 570 (D.Minn. 2007).

8. Defendant had a duty to preserve the video from five days before the fall because it knew that the video "would become material at some point in the future" and "had notice" the video was "reasonably likely to be the subject of a discovery request . . . ." *Lewy*, 836 F.2d at 1112; *Best Buy Stores, L.P.*, 247 F.R.D. at 570.

9. Defendant failed to preserve the video from five days before Julie's fall. However, that video may still be retrievable.

10. The Court is concerned about the maintenance of the relevant video from five days before the fall because Defendant failed to preserve the relevant video despite having a duty to do so.

11. Because the video from five days before the fall is relevant and proportional to the needs of this case, plaintiff would suffer irreparable harm if the relevant video evidence is destroyed and irretrievable.

12. Plaintiff's request to defendant to preserve video from five days before plaintiff's fall was "not overbroad" and not unduly burdensome. *Pueblo of Laguna v. United States*, 60 Fed. Cl. 133, 135 (2004).

## ORDER

Based on the foregoing findings of fact and conclusions of law, the Court orders as follows:

1. Defendant will take all necessary steps to allow plaintiff's expert, Todd Cowman, to inspect, examine, and review Hy-Vee's video system and data files at its Brookings, South Dakota store to determine whether video from the day of plaintiff's fall and five days before is recoverable.

2. If those files exist, then plaintiff's expert may copy and preserve those files. However, those files will not be disclosed to non-parties without further order from the court.

3. Defendant shall pay for the costs for plaintiff's expert to inspect, examine, and review defendant's video system and data files at its store in Brookings, South Dakota and for the costs for plaintiff's expert to make copies of any relevant data files.

4. Defendant shall immediately preserve all existing electronic data from pertinent cameras as the data now exists and retain that data until examined and released by plaintiff's expert.

Dated *May 2*, 2019.

BY THE COURT:

*/s/ Karen E. Schreier*
HONORABLE KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE